UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Earl Eaddy, # 294169, | ) C/A No. 5:13-2932-RBH-KDW |
|                             Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )   (partial summary dismissal) |
| John Pate, Warden, | ) |
|                             Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

### Prior Petitions

Donald Earl Eaddy ("Petitioner") is incarcerated at Allendale Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. This is the third § 2254 Petition he has submitted to this court seeking to challenge his 2003 Dorchester County convictions and sentences for felony child abuse and assault and battery of a high and aggravated nature. *See Eaddy v. Warden*, C/A No. 3:08-938-PMD; *Eaddy v. Pate*, C/A No. 3:10-1693-RBH. The first petition was served on the State and motions were filed. It was dismissed without prejudice on January 7, 2009 on summary judgment because Petitioner had not fully exhausted his state court remedies before

filing the petition. *See* Order and Judgment, Jan. 7, 2009, ECF Nos. 29, 30 in C/A No. 3:08-938-PMD. The second petition was also served on the State and motions filed, but, in that case, the court fully considered the merits of Petitioner's two stated grounds for challenge raised in the petition: 1) directed verdict should have been entered on one count because of insufficient evidence to support conviction for inflicting great bodily harm; and 2) ineffective assistance of counsel for failing to object to prosecutorial argument about Petitioner's use of a wheelchair. The court noted that Petitioner also tried to raise additional grounds of "insufficiency of his indictments, double jeopardy, and an illegal sentence," in his Objections to the Report and Recommendation issued by the magistrate judge on Respondent's Motion for Summary Judgment. Those grounds were not fully considered because Petitioner did not amend his petition to include argument on them and did not seek to appeal the magistrate judge's denial of his motion to appeal. Order, Sept. 15, 2011, ECF No. 26 in C/A No. 3:10-1693-RBH. The second petition was dismissed with prejudice on September 15, 2011, on Respondent's Motion for Summary Judgment. Judgment, Sept. 15, 2011, ECF No. 27 in C/A No. 3:10-1693-RBH. The court denied Petitioner's request for a certificate of appealability. Petitioner did not file an appeal.

**The Instant Petition**

In his third Petition, now being reviewed, Petitioner raises four grounds for relief. Petitioner seeks to vacate the probationary period of his assault and battery conviction for the following reasons: 1) the probationary period of his sentence allegedly violates "double jeopardy;" 2) Petitioner was over-sentenced on the child abuse charge; and 3) he was over-sentenced on the assault and battery charge when the judge added a probationary period. Pet. 5-10, ECF No. 1 (sometimes referred to herein as Grounds One, Two, and Three). Petitioner also includes a fourth

2

ground for relief ("Ground Four"), in which he seeks immediate release from SCDC, claiming that he is being held past his "max-out" date because of recent improper SCDC sentencing calculations that changed his 65%-service/parole-eligible sentences to require 85% service before release. Pet. 10. According to Petitioner, this SCDC calculation change took place just days before his "original" max-out date of August 7, 2012. *Id*. at 13. It is unclear from the face of the pleading whether Petitioner attempted to exhaust SCDC administrative and South Carolina state-court remedies for this alleged problem concerning the manner of execution of his sentences.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, the court conducted a careful review of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be partially summarily dismissed and partially served.

## **DISCUSSION**

The Petition in this case is successive and unauthorized insofar as Petitioner's Grounds One, Two, and Three are concerned. If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the

4

provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[1]  The gatekeeping mechanism created by the AEDPA added section 2244(3)(A) to provide: " Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A court may raise the issue of successiveness of a habeas petition *sua sponte*.  *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010).

The majority of the Petition filed in this case is successive because Grounds One through Three raise claims against the validity of Petitioner's 2003 convictions and sentences that could have been brought in the first exhausted habeas case (C/A No. 3:10-1693-RBH, the second petition discussed above). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Petitioner was required to bring every ground for relief he had with regard to the Dorchester County convictions and sentences in his first fully exhausted petition (C/A No. 3:10-1693-RBH); he cannot bring additional grounds

---

[1] With authorization from the appropriate court of appeals, a petitioner may be able to present a claim for the first time in a successive habeas petition when the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, when the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file  a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

that existed at the time the court was considering the merits of that Petition in a piecemeal fashion through subsequent petitions, unless authorized to do so by the Fourth Circuit Court of Appeals. Because Grounds One, Two, and Three raised in this Petition meet the requirements of successiveness and have not been authorized by the Court of Appeals, the court may not consider them in this case.

Accordingly, the Petition filed in this case should be partially dismissed as successive. Petitioner's procedural history in this court demonstrates that Petitioner has already filed one exhausted petition for writ of habeas corpus based on his 2003 Dorchester County convictions and sentences, and that petition was fully considered on the merits of the claims raised therein and ultimately dismissed by the court with prejudice based on the State's arguments. Petitioner did not appeal that judgment, nor did he seek authorization from the Fourth Circuit Court of Appeals to raise the first three grounds in this Petition prior to filing this case. The court does not have jurisdiction to consider the first three grounds raised by Petitioner herein; they are subject to summary dismissal without service on the Respondent.  *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The undersigned now considers Petitioner's fourth ground for relief raised in his Petition. The undersigned finds Ground Four is not successive. Rather than challenge the validity of the 2003 convictions and sentences, Ground Four challenges the manner in which SCDC is executing the sentences, a separate matter. Circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence.  The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not

challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010); *see also Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004) (relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same). *Compare with Hamm v. Saffle*, 300 F. 3d 1213, 1216 (10th Cir. 2002) (disciplinary violation conviction). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. App'x 266 (4th Cir. 2007). However, it does not appear that the Fourth Circuit has taken a definitive stance to date. *See Waddell v. Dep't of Corr.,* 680 F.3d 384, 386 n.1 (4th Cir. 2012) (sentence calculation claim heard under § 2254 without discussion of split); *see also Lewis v. Baskerville*, 141 F. App'x 172, 173 (4th Cir. 2005) (same).

Some judges within the District of South Carolina have adopted the majority view. *See, e.g., Hao Qing Zhan v. Wilson,* C/A No. 8:12-3052-RBH (D.S.C. Aug. 19, 2013) (adopting Report and Recommendation that acknowledges split of authority and finding the District of South Carolina has adopted the majority view–that § 2254 is appropriate jurisdictional statute for seeking federal habeas relief); *Tippett v. McCall*, C/A No. 1:09-593-HMH, 2011 WL 441942 at *2 (D.S.C. Feb. 7, 2011) (concluding that § 2254 is the exclusive avenue for a prisoner to seek habeas relief and re-characterizing § 2241 petition challenging computation of a state sentence); *Johnson v. Strength*, C/A No. 3:10-2698-JMC-JRM, 2010 WL 5553854 at *2 (D.S.C. Nov. 30, 2010) (finding § 2254 habeas petition challenging a detainer was submitted under the proper statute), adopted, 2011 WL

7

53024 (D.S.C. Jan. 7, 2011). Some judges, though, have re-characterized sentence-execution cases filed under § 2254, recognizing that § 2241 petitions generally challenge the execution or implementation of a sentence. *See Geer v. Riley*, C/A No. 8:09-1769-CMC, 2009 WL 3571541 at *3 (D.S.C. Oct. 26, 2009).

The undersigned is of the opinion that Petitioner's challenge to his sentencing calculation in this Petition may be considered under § 2254. Accordingly, and because Ground Four is not successive as it does not challenge the underlying validity of either the 2003 convictions or sentences and because Petitioner was unaware of the sentencing challenge at the time he filed his petition in C/A No. 3:10-1693-RBH, the entire Petition should be served, but only the sentencing-calculation claim–Ground Four–should be answered by Respondent.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be partially dismissed *with prejudice* as to Grounds One through Three. It is further recommended that the Petition should be served on Respondent, but that Respondent need respond only to Ground Four.

IT IS SO RECOMMENDED.

December 30, 2013                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).