UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Earl Eaddy, #294169,            )<br>                                                         )<br>                               Petitioner,   )<br>                                                         )<br>       vs.                                            )<br>                                                         )<br>John Pate, Warden,                            )<br>                                                         )<br>                               Respondent.  )<br>_____) | Civil Action No. 5:13-cv-2932-RBH-KDW<br><br>REPORT AND RECOMMENDATION |

Petitioner Donald Earl Eaddy ("Petitioner"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion for Summary Judgment on April 15, 2014. ECF No. 31. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 32. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on June 9, 2014. ECF No. 39. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion for Summary Judgment, ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

    I.       Factual and Procedural Background

Petitioner is currently confined in the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted during the October 2002 term of court in Dorchester County for child abuse/infliction of great bodily harm upon a child (02-GS-18-832) and assault and battery with intent to kill ("ABWIK") (02-GS-18-831). ECF No. 1-1 at 33-34. After a trial, on

1

June 19, 2003, a jury found Petitioner guilty of assault and battery of a high and aggravated nature ("ABHAN"), a lesser included offense to ABWIK, and felony child abuse. *Id.* at 31-32. Petitioner was sentenced to ten years' incarceration suspended to nine years' incarceration and five years' probation for the ABHAN conviction. *Id.* at 36. Additionally, Petitioner received a 20-year sentence for the child abuse conviction and was ordered to serve his sentences concurrently. *Id.* at 36-37.

Petitioner appealed his sentence and conviction, and the South Carolina Court of Appeals dismissed the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 11-12. Additionally, Petitioner filed a claim for post-conviction relief ("PCR"). *Id.* at 13-30. His PCR application was ultimately dismissed with prejudice and was also dismissed on appeal. *Id.* at 8, 13-30.

Concerning his current habeas claim, on June 25, 2012, Petitioner filed a Step One Inmate Grievance arguing he should not be required to serve 85% of his 20-year sentence before becoming eligible for release from incarceration. ECF No. 31-2. In the Step-One grievance, Petitioner requested he be released on the original max-out date.[1] *Id.* Petitioner's grievance was investigated and denied. *Id.* at 1-2. Specifically, SCDC indicated to Petitioner that: "The recent change to your sentence was ordered by the SC Courts. Therefore, SCDC must comply with the order. Your projected max-out date is now June 23, 2019 and reflects any and all credits due to you as of this date." *Id.* at 2. On July 13, 2012, Petitioner filed a Step Two Grievance. ECF No. 31-2. Petitioner's Step-Two Grievance was denied on July 24, 2013, and SCDC indicated the following in the denial:

---

[1] According to Respondent, "SCDC initially did not implement the eighty-five percent requirement for petitioner's sentence due to a clerical error. The error was corrected on or about June 4, 2012, resulting in a recalculation of petitioner's sentence in accordance with the requirement he serves eighty-five percent of his twenty year sentence." ECF No. 31-1 at 2 n.1.

> Your record was audited by the Inmate Records Office and an error in the CDR code for 2002-GS-18-832 was discovered. When your sentence was initially entered in the Offender Management System, CDR code 3802 was entered in error instead of 2766 as written on your indictment. Once this error was corrected, your sentence was recalculated and you are required to serve a minimum of 85% of this 20 year sentence as the courts ordered when this sentence was initially imposed on 6/19/03. While this error was unfortunate, it was corrected when it was discovered so that you are serving the sentence ordered by the courts.

*Id.* at 3.

On August 4, 2013, Petitioner filed a Notice of Appeal with the South Carolina Administrative Law Court ("SCALC") challenging the denial of his grievances. ECF No. 31-3. Thereafter, SCALC dismissed Petitioner's appeal for Petitioner's failure to file a brief with the court. ECF No. 31-4. Specifically, SCALC found:

> The Department filed the Record on Appeal on September 20, 2013. Subsequently, on October 31, 2013, the Department filed the Brief of Respondent. As of this date, no brief has been filed by the Appellant. ALC Rule 60(a) requires that the party first noticing the appeal file an original brief within sixty-five (65) days after the date of assignment. This case was assigned to the undersigned on August 7, 2013. Therefore, the Brief of Appellant was due on or before October 11, 2013.

*Id.* Petitioner took no further action following SCALC's dismissal of his appeal.

## II.     Discussion

### A.     Federal Habeas Issues[2]

In his federal habeas Petition, Petitioner maintains that he is being held past his "max-out" date because of recent improper SCDC sentencing calculations that changed his 65%-

---

[2] Originally, Petitioner raised four issues in habeas Petition. ECF No. 1. However, the undersigned recommended Grounds One through Three be dismissed with prejudice because they were successive and unauthorized. ECF No. 14. The undersigned did not recommend dismissing Ground Four because "[r]ather than challenge the validity of the 2003 convictions and sentences, Ground Four challenges the manner in which SCDC is executing the sentences, a separate matter." *Id.* at 6. On review and without objection, the court agreed that Grounds One through Three of the Petition should be dismissed with prejudice. ECF No. 20. The court ordered that the habeas Petition be served but instructed Respondent to only respond to Ground Four. *Id.* at 2.

3

sentence/parole-eligible sentences to require 85% service before release. ECF No. 1 at 10. Recited verbatim, Petitioner raises the following issue:

1. Ground Four:  Whether the S.C. Dept. of Corrections (SCDC) violated order of sentencing court by increasing Petitioners sentence max out date for release.
Supporting Facts: Petitioner was informed by the court (sentencing) (Court) and Counsel he'd be serving 65% of a twenty year sentence before his sentence expiration date which was and allways has been 8/7/2012, since his committment-The offense was a Parolable one for sentencing purpose. The Dept. of Corrections DAYS before Petitioners Release changed sentence to 85%. See Attached Release Screen.

ECF No. 1 at 10.

      B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

4

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254.[3] Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Moreover, state court factual

---

[3] The court notes that while challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, some authority provides that "state prisoners who seek federal habeas relief must proceed under § 2254." *Tippett v. McCall*, C/A No. 1:09-593-HMH-SVH, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (discussing legislative history of federal habeas corpus).

determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner seeks release from confinement because he claims SCDC improperly increased his sentence max-out release date. ECF No. 1 at 10. "Habeas corpus is the appropriate mechanism for a state prisoner to challenge 'the fact or duration of his confinement,' which includes the loss of good time credits." *Lindsey v. McKie*, C/A No. 9:11-695-MBS, 2012 WL 932017, at *4 (D.S.C. Mar. 19, 2012) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

    2.  Procedural Bar

Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Pickard v. Connor*, 404 U.S. 270, 276 (1976).

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Similarly, although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490-91 (1973). *See also McClung v. Shearin,* 90 Fed. Appx. 444, 445 (4th Cir. 2004). A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or

has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

                a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>         (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
>         (B)     (i) there is an absence of available State corrective process; or
>
>                  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the SCALC. *See Al-Shabazz v. State,* 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.,* 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously

calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.,* 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz,* 527 S.E.2d at 750. Generally, a state prisoner's claim that he has served a valid sentence and must now be released falls within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the SCALC. *See Al-Shabazz,* 527 S.E.2d at 749. Accordingly, Petitioner's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al-Shabazz,* with appeal to the state appellate courts. *Al-Shabazz,* 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C.Code Ann. § 1-23-610(A)(1).[4]

### b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

---

[4] This procedure, which applies for most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and that generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C.Code Ann. §§ 17-27-10, *et seq.*; Rule 243, SCACR.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. at 488-89. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 494. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D.     Analysis

Respondent contends that summary judgment should be granted because Petitioner has failed to exhaust state administrative remedies. ECF No. 31-1 at 3-5. Alternatively, Respondent maintains that Petitioner's claim should be dismissed because Petitioner does not allege a cognizable Ground for relief in a habeas corpus proceeding. *Id.* at 5. Finally, Respondent argues Petitioner claim fails on the merits. *Id.* at 5-7. In his Response, Petitioner argues that

administrative exhaustion is not required. ECF No. 39 at 1. Further, Petitioner maintains that he filed a Notice of Appeal with SCALC and argued that SCDC miscalculated his sentence. *Id.*

As noted above, *Al–Shabazz* established a process separate from the PCR process through which an inmate may raise a claim that his sentence has expired. *See generally, Al-Shabazz*, 527 S.E.2d at 749. *Al–Shabazz* requires that Petitioner initiate a grievance, obtain a final decision, seek review by the SCALC, and then seek judicial review by the South Carolina Court of Appeals and Supreme Court before seeking federal habeas review. *Id.* The record reflects that Petitioner properly filed Step One and Step Two grievances with SCDC. *See* ECF No. 31-2. After both of these grievances were investigated and denied, Petitioner filed a Notice of Appeal with SCALC. *See* ECF No. 31-3. The SCALC dismissed Petitioner's case after Petitioner failed to file an appellate brief. ECF No. 31-4; *see also Al-Shabazz*, 527 S.E.2d at 754 (requiring parties prepare briefs and holding that an appeal may be dismissed for a parties' failure to comply with administrative rules). After the SCALC dismissed Petitioner's action, he took no further action.

Because Petitioner has not shown that he presented his claims to the state's highest court before filing his petition for federal habeas relief, the undersigned concludes that Petitioner failed to exhaust his state remedies as required. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011) (exhaustion of state court remedies requires a petitioner "fairly present his claims to the state's highest court."); *see also Al-Shabazz*, 527 S.E.2d at 755 (requiring a petitioner to file a notice of appeal from the SCALC decision, directing the reviewing court's attention to "errors or abuses allegedly committed"). The Supreme Court held that "[t]his exhaustion requirement is also grounded in principles of comity;

in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner does not offer any evidence to articulate cause for procedurally defaulting on his grounds. As Petitioner has not demonstrated cause, the undersigned will not examine prejudice here. The undersigned finds that Petitioner's habeas petition is procedurally barred from consideration by the court, and recommends that Respondent's Motion for Summary Judgment, ECF No. 31, be granted and the Petition be dismissed.[5]

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

October 24, 2014                                    Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation.**

---

[5] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Petitioner's claim.