IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Donald Earl Eaddy, #294169, | ) | Civil Action No.: 5:13-cv-2932-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at Allendale Correctional Institution in Fairfax, South Carolina. The matter is now before the Court for review after the issuance of a Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1]

In June 2003, a jury found Petitioner guilty of assault and battery of a high and aggravated nature ("ABHAN"), a lesser included offense to assault and battery with intent to kill ("ABWIK"), and felony child abuse. He was sentenced to ten years in prison, suspended to nine years incarceration and five years' probation for the ABHAN conviction and a twenty-year sentence for the child abuse conviction. The sentences were ordered to run concurrently.[2]

Petitioner filed a Section 2241 petition in October 2013, alleging four grounds. On February 3, 2014, this Court adopted a Report and Recommendation of Magistrate Judge West and dismissed the first three grounds of the petition with prejudice. The Court ordered that the case be served as to

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] Because the facts are well-represented in the Magistrate Judge's R&R, any further discussion of the facts by this Court is unnecessary.

Ground Four only. In Ground Four, Petitioner asserts that the South Carolina Department of Corrections ("SCDC") "violated order of Sentencing Court by increasing Petitioner's sentence max out date for release." Pet., ECF No. 1. On April 15, 2014, Respondent filed its [ECF No. 31] Motion for Summary Judgment, along with a supporting memorandum. In his motion, Respondent asserts *inter alia* that he is entitled to judgment on grounds that Petitioner failed to exhaust his available state and administrative remedies.

Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on April 15, 2014, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner failed to file a response by the deadline set by the *Roseboro* Order. On May 22, 2014, Magistrate Judge West entered an order requiring the petitioner to advise the court whether he intended to pursue the action. On June 9, 2014, Petitioner filed a response in opposition to the motion for summary judgment. The Magistrate Judge issued an R&R on October 24, 2014, recommending that the motion for summary judgment be granted. (R&R, ECF No. 41) Objections to the R&R were due on November 10, 2014. Petitioner has filed objections to the Report. The envelope in which the objections were mailed appears to have been delivered to the prison mail room on November 13, 2014. Therefore, the objections were three days late. (Pet'r's Objs., ECF No. 45) [3] However, because the date of delivery to the prison mail room is difficult to decipher, the Court will address the Petitioner's objections.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no

---

[3] Under *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court.

presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Cov. P. 72 advisory committee's note).

## Discussion

In her R & R, the Magistrate Judge concluded that "[b]ecause Petitioner has not shown that he presented his claims to the state's highest court before filing his petition for federal habeas relief, the undersigned concludes that Petitioner failed to exhaust his state remedies as required." R & R at 10 (citing *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (holding exhaustion of state court remedies requires a petitioner to fairly present his claims to the state's highest court.). Moreover, the Magistrate Judge found that "Petitioner has not shown sufficient cause and prejudice to excuse the default," noting that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court,

federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . ." *Id.* at 11. Therefore, the Magistrate Judge ultimately "recommended that the Respondent's motion for summary judgment [should] be granted . . . and the [Petitioner's] petition dismissed." *Id.*

Even if the petitioner's objections are considered timely, he did not object to the Magistrate Judge's conclusion that his claims are procedurally barred. As a matter of fact, nowhere in his objections does Petitioner appear to address the Magistrate Judge's conclusions regarding exhaustion and procedural default. Rather, Petitioner focuses on Grounds One through Three which the Court has already dismissed. Petitioner has failed to present any arguments as to why his claims should not be considered procedurally barred. Because Petitioner failed to object to the Magistrate Judge's findings regarding this procedural bar, the court adopts those findings and recommendations after reviewing the face of the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural rulign is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

4

**Conclusion**

The court has thoroughly reviewed Petitioner's Section 2241 Petition, the R & R and objections, and the applicable law.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R & R.  Accordingly, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's § 2241 Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

  s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 19, 2015